## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CARLOS M. SUÁREZ DIAZ, BRENDA COLÓN LUGO AND THEIR COMMUNITY PROPERTY PARTNERSHIP; KARELIS SUÁREZ COLÓN, KARLA SUÁREZ COLÓN**<br><br>Plaintiffs<br><br>v.<br><br>**MCS LIFE INSURANCE COMPANY, ICAHN AUTOMOTIVE GROUP LLC, PEP BOYS – MANNY, MOE & JACK OF PUERTO RICO, INC.**<br><br>Defendants | CIVIL NO.<br><br>NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C § 1331 (FEDERAL QUESTION) |

## NOTICE OF REMOVAL

**TO THE HONORABLE COURT:**

Pep Boys- Manny, Moe & Jack of Puerto Rico, Inc. (hereinafter, "Pep Boys"), through its undersigned counsel and without submitting to its personal jurisdiction, nor waiving any defenses, seeks this Honorable Court's federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1441(a), and respectfully informs that it has removed this civil action, formerly known as the Guayama Superior Court Case Number GM2021CV00290, to this District within the thirty-day deadline provided under 28 U.S.C. § 1446(b)(1). And, although the complaint that spurs such action only alleges contractual and tort damages under Puerto Rico law, it is, at its core, a claim for benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 1001 *et. seq*. that *completely preempts* the plaintiffs' state-law claims.

In support of this notice of removal, Pep Boys respectfully states its grounds for removal in the following "short and plain statement":

1. Carlos M. Suárez Diaz ("Mr. Suárez-Diaz"), his spouse Brenda Colón Lugo ("Mrs. Colón-Lugo"), and their Community Property Partnership, along with Karelis Suárez Colón ("Karelis Suárez") and Karla Suárez Colón ("Karla Suárez") (together, the "Plaintiffs"), filed suit on April 28, 2021, in the Puerto Rico Court of First Instance, Superior Court of Guayama, under the title *Carlos M. Suárez Diaz, Brenda Colón Lugo y la Sociedad Legal de Gananciales que ambos componen, Karelis Suárez Colón, Karla Suárez Colón v. MCS Life Insurance Company, Icahn Automotive Group LLC, Pep Boys-Manny, Moe & Jack of Puerto Rico, Inc.,* Civil Number GM2021CV00290 (301) (the "Complaint"). See **Exhibit I.**

2. Pep Boys was served with process on July 19, 2021, along with a copy of the Plaintiffs' Complaint, so that this notice is well within the thirty days provided under 28 U.S.C. § 1446(b)(1).[1] True and correct copies of "all process, pleadings, and orders" are attached as **Exhibit II**, in accordance with 28 U.S.C. §§ 1446(a).[2]

3. In their Complaint, the Plaintiffs claim that they have suffered damages of no less than $600,000.00 and request $10,000.00 in attorney's fees. They also allege, among others, that Pep Boys breached its contractual obligation to provide and pay for the Plaintiffs' health plan, and terminated the Plaintiffs' family-tier coverage, purportedly impacting dependent Karelis Suarez's ability to undergo a previously scheduled surgical procedure as a result of such termination. The Plaintiffs allege that "the defendants" did not provide them with the option to continue coverage

---

[1] *See Novak v. Bank of N.Y. Mellon Trust Co., NA.*, 783 F.3d 910, 912 (1st Cir. 2015) ("Congress thus created two alternative points at which to fix the defendant's deadline for removing: one 30 days following receipt of the initial pleading, and the other 30 days following service of process at a time that the initial pleading has been filed in state court.")

[2] In addition, a motion requesting an extension of time to file certified translations of the some of the above mentioned documents has been filed on this date, per Local Rule 5(g).

under COBRA[3], and that Pep Boys was negligent in assisting the Plaintiffs' with their attempts to reinstall coverage and breached its fiduciary duties. *See* **Exhibit I**, *Complaint* at ¶¶ 3, 9-12, 15-19.

4. Section 502(e)(1) of ERISA grants federal courts jurisdiction over all civil actions brought under title I of ERISA. Federal jurisdiction is exclusive with respect for all claims, "[e]xcept for actions under subsections (a)(1)(B) of this section [where] [s]tate courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction." 29 U.S.C. 1132(e)(1). Thus, section 502(e)(1) of ERISA gives *concurrent* subject matter jurisdiction to state and federal courts to claims under ERISA to: (i) recover benefits under the terms of an ERISA plan; (ii) enforce or protect rights under the terms of an ERISA plan or; (iii) clarify future rights under the terms of an ERISA plan. *See* 29 U.S.C. §§ 1132(a)(1)(b), (e). Nevertheless, unless otherwise expressly provided by an Act of Congress, *any civil action brought in a state court over which the district courts of the United States have original jurisdiction, may be removed by defendant to a district court of the United States*. 28 U.S.C. § 1441(a). Therefore, although concurrent jurisdiction under ERISA section 502(e) gives the plaintiff the initial choice of forum, said choice is subject to a defendant's right to remove the action to federal court. *See* 28 U.S.C. § 1441.

5. Now, generally, under the well-pleaded complaint rule[4], a cause of action arises under federal law, giving rise to federal jurisdiction, only if a plaintiffs properly pleaded complaint presents a federal question. *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63 (1987). Therefore, a defendant may not remove an action alleging only state-law claims, even if section 514 of ERISA preempts the state law claim. Under the complete preemption doctrine, however, a

---

[3] Although the complaint does not expressly request remedy under the federal Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), 29 U.S.C § 1161, *et. seq.,* the Plaintiffs' include this specific allegation on ¶ 12 of the Complaint. *See* **Exhibit I.**
[4] The "well-pleaded complaint rule" is the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts. *See Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 9-12 (1983).

defendant may remove from state court a complaint pleading only state law claims ***if the complaint is completely preempted by ERISA***. *Id.* at 63-67.

6. The United States Supreme Court has previously applied the complete preemption doctrine in a context similar to this one. In *Metropolitan Life.,* a plan participant filed suit in a state court claiming that the defendants' failure to pay the participant disability benefits violated state law. There, the Court held that the plaintiff's (common law) *contract* and *tort* claims were *preempted* under ERISA §514(a) and were not saved under the saving clause. The Court further characterized the suit as one to *recover benefits* under ERISA §502(a)(1)(B). *Id.* at 62-63. (*See* also *Aetna Health Inc. v. Davila*, 542 U.S. 200, 211-212 (2004), where the Court found that the plaintiffs could have brought their claims under ERISA §502(a)(1)(B) because they "complain[ed] only about denials of coverage promised under the terms of ERISA-regulated employee benefit plans" and could have relied on ERISA for its remedies.)

7. Therefore, although the Plaintiffs claims are based solely on state-law claims and do not *expressly* request a remedy under ERISA (or COBRA) in their Complaint, the allegations included make evident that, in reality, the Plaintiffs seek to enforce alleged rights under the terms of an ERISA-covered plan (i.e., the "contract" allegedly breached by Pep Boys), as well as recover benefits purportedly lost when coverage from an ERISA-covered group health plan was terminated.

8. Also, the Plaintiffs, as alleged "participants" and "beneficiaries" of an employee welfare plan, could have brought their action to this Court directly as an ERISA §502(a)(1)(B) claim, for which the law provides specific remedies and excludes certain compensatory damages, including damages for pain and suffering. And, as the Supreme Court has previously stated, "[t]he policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free

to obtain remedies under state law that Congress rejected in ERISA." *Metropolitan Life*, 48 U.S. at 64–65. Therefore, the Plaintiffs' state actions requesting damages are completely displaced by ERISA's civil enforcement provision, "which provides an exclusive federal cause of action for resolution of such disputes", *Id.* at 62-63, making this action subject to removal by Pep Boys pursuant to 28 U.S.C. § 1441 as "arising under" the laws of the United States. *See* 29 U.S.C. 1132(a).

9. Alternatively, Plaintiffs' claims are claims for *equitable relief* within the scope of section 502(a)(3) of ERISA, disguised as state-law claims. And, per section 502(e) of ERISA, such claims are within the exclusive jurisdiction of this Court pursuant. 29 U.S.C. 1132(e)(1). Therefore, provided that, in such a scenario, a local court cannot hear Plaintiff's claim, this Court must exercise the jurisdiction that has been conferred under section 502(e).

In light of the foregoing, Pep Boys is entitled to remove this action to the United States District Court for the District of Puerto Rico, pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446, and this Honorable Court now has jurisdiction to issue all necessary orders and processes to remove the same from the Puerto Rico Court of First Instance to the United States District Court for the District of Puerto Rico.

## **NOTICE**

Pursuant to 28 U.S.C. § 1446(d), Pep Boys will notify the Plaintiffs of this Notice of Removal by filing a Notice of Filing of Notice of Removal with the Superior Court of Guayama. A copy of the Notice of Filing, which will be filed with the Superior Court of Guayama, is also attached hereto as **Exhibit III.**

**WHEREFORE**, pursuant to 28 U.S.C. §§ 1441 and 1446, Pep Boys hereby gives Notice of Removal of the above captioned case to this Honorable Court and requests that the cause of action

filed before the Puerto Rico Court of First Instance, Superior Court of Guayama, Civil Number GM2021CV00290, proceed before this Court as an action properly removed.

In San Juan, Puerto Rico on August 17, 2021.

**ÉCIJA SBGB LLC**
*Attorneys for Pep Boys*
P.O. Box 363068
San Juan, PR 00936-3068
Tel. (787) 300 – 3200
Fax: (787) 300 – 3208

*s/Antonio L. García*
Antonio L. García
USDC-PR No. 219106
agarcia@sbgblaw.com

*s/Rosángela Torres Torres*
Rosángela Torres Torres
USDC-PR No. 306308
rtorres@sbgblaw.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a copy of this Notice of Removal was sent via email and certified mail to Plaintiffs' attorney of record in the state court proceedings at erasmorodriguez10@live.com and dlbazan79@gmail.com, and P.O. Box 1468, Guayama, PR 00785 and P.O. Box 891, Guayama, PR 00785, respectively, and by filing it with the clerk of the Guayama court through its electronic filing system, which constitutes proper service to all parties under Puerto Rico law.

s/*Antonio L. García*
Antonio L. García
USDC-PR No. 219106
agarcia@sbgblaw.com

*s/Rosángela Torres Torres*
Rosángela Torres Torres
USDC-PR No. 306308
rtorres@sbgblaw.com
