IN THE PUERTO RICO COURT OF FIRST INSTANCE
GUAYAMA DIVISION

| | |
|---|---|
| CARLOS M. SUÁREZ DÍAZ, BRENDA COLÓN LUGO, AND THE COMMUNITY PROPERTY PARTNERSHIP FORMED BY THEM BOTH, KARELIS SUÁREZ COLÓN, KARLA SUÁREZ COLÓN<br><br>Plaintiffs<br><br>V.<br><br>MCS LIFE INSURANCE COMPANY, ICAHN AUTOMOTIVE GROUP LLC PEP BOYS-MANNY, MOE & JACK OF PUERTO RICO, INC.<br><br>Defendants | CIVIL NO.<br><br>DAMAGES (CONTRACT AND TORTS) |

**COMPLAINT**

**TO THE HONORABLE COURT**:

Come Now Plaintiffs, by and through the undersigned legal representatives state and pray as follows:

1. Plaintiffs are persons of legal age whose address is: RR1 Box 6238, Guayama, Puerto Rico 00784.

2. Defendant MCS is a corporate entity doing business in Puerto Rico whose business is to provide medical insurance.

3. Defendants Icahn Automotive Group LLC and Pep Boys-Manny, Moe & Jack of Puerto Rico, Inc., do business in Puerto Rico as Pep Boys Auto Parts & Services and/or as Pep Boys Auto Plus, is a corporate entity which sells motor vehicle parts and repairs vehicles. It is the employer of Plaintiff Carlos M. Suárez who works as a salesclerk for motor vehicles and accessories. As part of said employer's contractual agreements and offers, he assumed coverage of a family health plan with MCS. The employer also contributes to the payment of said plan. Every month the payment relating to family coverage was deducted and the employer made a corresponding partial contribution. However, at the time when he most needed the plan's coverage, the employer and MCS blocked his coverage in such a way and manner that, with the knowledge that his youngest daughter had to undergo emergency surgery for cancer, coverage for this surgery was cancelled.

4. In the month of April 2020, a cancerous tumor was detected on the right side of the head of Plaintiff Karelis Suárez Colón, daughter of employee and Plaintiff Carlos Suárez Díaz.

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

Operating her was necessary. After tests were carried out by specialists and the surgeon who would be in charge of the operation, the operation was set for May 4, 2020.

5. On April 23, 2020, by means of a communication to Plaintiff Carlos M. Suárez Díaz from the surgeon's office, the secretary indicated that everything related to the Medical Plan was approved and in order.

6. On April 28, 2020, the pre-admission process to the Ponce San Lucas Hospital was carried out using the Medical Plan card in the name of Karelis Suárez Colón. On May 1, 2020, Plaintiff Carlos Suárez paid the deductible. That same day in the afternoon he received communication by telephone that the Medical Plan had been cancelled.

7. By means of a communication dated May 5, 2020, addressed to Plaintiff Carlos M. Suárez Díaz, he was notified that his coverage had been in effect until 04/30/2020.

8. Due to the initiation of the work suspension or "lock down," ordered by the government due to the Coronavirus, Plaintiff Carlos Suárez was told that he could not return to work and that, nevertheless, in that period he would not receive work compensation: "you will continue to be enrolled in your current benefits coverage (medical, dental, vision, Health Savings Account, and life insurance, if applicable) during this Period." In addition, he was informed that "Short-and long-term disability coverage will remain in effect until May 31, 2020, at which time the plan's insurer." In accordance with that communication, coverage for Plaintiff Carlos M. Suárez and his family should not have been canceled.

9. Since the reason and diagnosis to operate on Karelis Suárez Colón was cancer in the head and neck area, this news caused Plaintiffs an alarming situation of hysteria and frustration, despair, suffering, nervousness that did not allow them to sleep.

The cancellation of the insurance policy caused the cancellation of an operation that was urgent due to the condition. The economic cost of the operation could not be assumed by Plaintiffs due to its costliness. In the midst of the situation and crisis of the pandemic, it was difficult for them to obtain a response from Plaintiff Carlos M. Suárez's employer. Mrs. Matute, in charge of human resources at Pep Boys, justified the cancellation based on the absence from work.

10. Plaintiff Carlos Suárez made various efforts to get the insurance company, his employer and their representatives to reinstate the insurance. However, his insistent and desperate efforts were unsuccessful.

11. Eventually, Defendants reactivated the plan's coverage to Plaintiff Carlos M. Suárez, his wife Brenda Colón Lugo and their daughter Karla M. Suárez Colón, but not to

2

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

Plaintiff Karelis Suárez Colón, who was the person with an urgent need for the medical plan. They each received cards in their names, but not Karelis Suárez Colón.

12. Faced with this situation and the need and urgency that the operation be carried out as soon as possible, Plaintiff Carlos M. Suárez and his wife took on the desperate task of trying to obtain coverage, since they were not given the option to opt for coverage under the COBRA Act.

13. Karelis Suárez Colón's operation was postponed. Given the crisis caused by the pandemic and the fact that this young woman had cancer that urgently required an operation, it was not easy to get a plan that would cover the operation.

14. Through subsequent negotiations, the father obtained the Humana plan for his daughter and the operation and subsequent treatments were scheduled.

15. When processing the reinstatement of health coverage for Carlos M. Suárez's family group, MCS Insurance company denied coverage to Karelis Suárez Colón, intentionally because it was aware of the urgency of the operation and its cost.

16. The decision by Pep Boys and the Plan to remove Plaintiff and his family from the Plan, caused anxiety, suffering and mental anguish to Karelis Suárez Colón, when the operation that had to be carried out urgently was canceled. This caused her damages in the amount of not less than $200,000.00.

17. The despair, frustration, nervousness and helplessness that Defendants caused to Plaintiffs Carlos M. Suárez Díaz, Brenda Colón Lugo, Karla Suárez Colón caused them individually mental damage and anguish in an amount of not less than $100,000.00 each.

18. Defendant Pep Boys violated its contractual and fiduciary duty to pay a plan for Plaintiffs.

Defendant Pep Boys was negligent in failing to take the necessary steps to ensure that Defendant medical plan provide coverage to Plaintiffs.

19. Defendant MCS Insurance Company, violated its contractual and fiduciary duty when it denied coverage to Plaintiff Karelis Suárez Colón at a time when her health was at high risk.

20. Defendants are jointly and severally liable to Plaintiffs, they are jointly liable in tort and contractually.

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

WHEREFORE, it is requested that this Complaint be accepted and Defendants be sentenced to pay the requested compensation plus costs, expenses and $10,000.00 in attorney's fees on grounds of temerity.

In Guayama, Puerto Rico, on April 28, 2021.

| | |
|---|---|
| **F/DIEGO LEDÉE BAZÁN**<br>Bar Number 6853<br>Sole Registry of Attorneys 5452<br>Attorney for Plaintiffs<br>P.O. Box 891<br>Guayama, Puerto Rico 00785<br>Tel. (787) 315-0803<br>Email: dlbazan79@gmail.com | **F/ERASMO RODRÍGUEZ VÁZQUEZ**<br>Bar Number 10165<br>Sole Registry of Attorneys 8885<br>Attorney for Plaintiffs<br>P.O. Box 1468<br>Guayama, Puerto Rico 00785<br>Tel. (787) 364-7286<br>Email: erasmorodriguez10@live.com |

4

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.