THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**CARLOS M. SUÁREZ DÍAZ,** *et al.*,

　**Plaintiffs,**

　v.

**MCS LIFE INSURANCE COMPANY,** *et al.*,

　**Defendants.**

Civil No. 21-1376 (ADC)

## OPINION AND ORDER

Before the Court are co-defendants MCS Life Insurance Company's ("MCS") and Pep Boys –Manny, Moe & Jack of Puerto Rico, Inc.'s ("Pep Boys") motions to dismiss. **ECF Nos. 14** and **16**. For the reasons below, the motions to dismiss are **GRANTED**.

**I.　　Background**

On April 28, 2021, plaintiffs Carlos M. Suárez Díaz ("Suárez"), his wife Brenda Colón-Lugo ("Colón"), their Conjugal Partnership, and their daughters Karelis Suárez-Colón ("Karelis") and Karla Suárez-Colón ("Karla") (together, "plaintiffs") filed a complaint in the Commonwealth of Puerto Rico Court of First Instance, Guayama Part, claiming contractual and tort damages pursuant to Puerto Rico law. **ECF No. 1-1**. According to the complaint, plaintiffs had a family health insurance plan through Suárez' employment at Pep Boys, paid by Pep Boys and Suárez. *Id.* at 1. The insurance provider was MCS. *Id.*

In April 2020, Karelis was diagnosed with a cancerous tumor in her head, which required surgery. *Id.* at 1-2. Karelis' pre-admission process at the hospital was completed on April 28, 2020, using the health plan card. On May 1, 2020, Suárez was informed that the insurance coverage was cancelled. He was later informed that coverage had been in effect until April 30, 2020. *Id.* Suárez' efforts to reinstate the insurance were unsuccessful. *Id.* at 3. Eventually, at an unidentified date- Suarez'; Colón's and Karla's health insurance coverage was reactivated, but not Karelis'. *Id.* at 2-3. Karelis' surgery had to be postponed and was later rescheduled, after Suárez was able to obtain another health plan for his daughter. *Id.* at 3.

Plaintiffs allege that Pep Boys breached its contractual and fiduciary duty to pay for their health plan and negligently failed to take the necessary steps to ensure that MCS provided coverage. They further allege that MCS breached its contractual and fiduciary duty when it denied coverage to Karelis. *Id.* Plaintiffs seek to recover more than $600,000.00 for alleged mental damages and anguish and $10,00.00 in attorney's fees. *Id.* at 3-4.

On August 17, 2021, Pep Boys timely removed this case to federal court. **ECF No. 1.** In its notice of removal, Pep Boys claims that although the complaint only alleges causes of action under Puerto Rico law, it is a claim for benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 USC § 1001 *et seq.*, that completely preempts plaintiffs' state law claims. Plaintiffs have failed to appear before this Court and the motions to dismiss are unopposed.

## II.   Legal Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails to state a claim upon which relief could be granted. "To avoid dismissal, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *García-Catalán v. United States*, 734 F.3d 100, 102 (1st Cir. 2013) (quoting Fed. R. Civ. P. 8(a)(2)). When ruling on a motion to dismiss for failure to state a claim, a district court must "ask whether the complaint states a claim to relief that is plausible on its face, accepting the plaintiff's factual allegations and drawing all reasonable inferences in the plaintiff's favor." *Cooper v. Charter Communications Entertainments I, LLC*, 760 F.3d 103, 106 (1st Cir. 2014) (*citing Maloy v. Ballori-Lage*, 744 F.3d 250, 252 (1st Cir. 2014)) (internal quotations marks omitted).

"To cross the plausibility threshold, the plaintiff must 'plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cooper*, 760 F.3d at 106 (*citing Maloy* 744 F.3d at 252). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, …, on the assumption that all the allegations in the complaint are true (even if doubtful in fact) …." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible." *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).

### III. Discussion

**A. Removal Jurisdiction**

Removal of a state court complaint to federal court is governed by 28 U.S.C. § 1441, which provides a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Jurisdiction is normally ascertained from the face of the state court complaint that triggered the removal. *Danca v. Priv. Health Care Sys., Inc.*, 185 F.3d 1, 4 (1st Cir. 1999), *see Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9–10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (describing the "well-pleaded complaint" rule).

Here, the complaint alleges only causes of action under state law and thus, on its face it presents no federal question. However, "certain state claims are subject to removal, even if they purport to rest only on state law, because the subject matter is powerfully preempted by federal law, which offers some 'substitute' cause of action." *Negrón-Fuentes v. UPS Supply Chain Sols.*, 532 F.3d 1, 6 (1st Cir. 2008). This exception to the practice of focusing on the face of the complaint is called "complete preemption." *Danca.* 185 F. 3d at 4. Complete preemption occurs with statutes, such as ERISA, where a claim "though couched in the language of state law, implicates an area of federal law for which Congress intended a particularly powerful sweep." *Danca*, 185 F.3d 1, 4 (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987)).

"ERISA preemption is, as a general matter, expansive in scope." *Rosario-Cordero v. Crowley Towing & Transp. Co.*, 46 F.3d 120, 122 (1st Cir. 1995). The statute contains a sweeping preemption clause, which provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). For preemption purposes, "State laws" are "all laws, decisions, rules, regulations, or other State action having the effect of law." 29 U.S.C. § 1144(c)(1). Puerto Rico is expressly included in the statute's definition of "State." 29 U.S.C. § 1002(10).

A claim is preempted under ERISA if the plan at issue is an employee benefit plan within the scope of ERISA and the state-law claim "relates to" the employee benefit plan. *Rosario-Cordero*, 46 F.3d 124. Both requirements are met in this case. Plaintiffs' health insurance plan is a benefit plan within the scope of ERISA since, according to the complaint, it is a group health plan provided by Suarez's employer. **ECF No. 1-1** at 1; 29 USC § 1002 (1).

Plaintiffs' claims relate to the employee benefit plan. ERISA § 502(a) provides for a cause of action by a participant or beneficiary of a plan "to recover benefits due . . . under the terms of the plan, to enforce . . . rights under the terms of the plan, or to clarify . . . rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). *Danca*, 185 F.3d at 5. The United States Supreme Court has repeatedly explained that a state law "relates to" an employee benefit plan "if it has a connection with or reference to such a plan." *District of Columbia v. Greater Washington Bd. of Trade,* 506 U.S. 125, 129, (1992); *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 139 (1990); *Rosario-Cordero v. Crowley Towing & Transp. Co.,* 46 F.3d 120, 122–23 (1st Cir. 1995). A state law

may "relate to" an employee benefit plan and thereby be preempted, even if the law is not specifically designed to affect such plans, and even if its effect is indirect. *Greater Washington Bd. of Trade,* 506 U.S. at 129-30; *Rosario-Cordero,* 46 F.3d at 122–23. The First Circuit Court of Appeals has held that "state law tort suits that allege the improper processing of a claim for benefits under an ERISA-covered plan, for example, fall within the scope of § 502(a)." Thus, the complaint raises a federal question justifying removal.

Where, as in this case, an action involves multiple defendants, the right of removal is subject to the so-called "unanimity requirement" derived from 28 U.S.C. § 1446. "That is, subject to a few exceptions not applicable here, all defendants must consent to remove the case for removal to be effected." *Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 75 (1st Cir. 2009).* However, "the defect in the removal process resulting from a failure of unanimity is not considered to be a jurisdictional defect, and unless a party moves to remand based on this defect, the defect is waived, and the action may proceed in federal court." *Id.* (citing 11C Wright, Miller & Cooper, Federal Practice and Procedure § 3739, "After the expiration of the thirty-day period following the filing of the removal notice, the right to object to nonjurisdictional defects in the removal process is considered waived."). Therefore, the failure of unanimity has been waived and the action may proceed in this court.

### B. Motions to Deem the Motions to Dismiss as Unopposed

Before turning to the substance of the motions to dismiss, defendants request that the motions to dismiss be deemed unopposed because plaintiffs have not responded. **ECF Nos. 15**

and **17**. After defendants moved for the motions to dismiss to be deemed unopposed, plaintiffs once again failed to respond. Indeed, plaintiffs have not appeared before this court.

Local Rule 7 (b) provides that "[u]nless within fourteen (14) days after the service of a motion the opposing party files a written opposition to the motion, the opposing party shall be deemed to have waived any objection to the motion." Failure to respond to a dispositive motion "renders a party susceptible to involuntary dismissal, pursuant to [Federal Rule of Civil Procedure] 41(b), for failure to prosecute." *Vega-Encarnación v. Babilonia*, 344 F.3d 37, 40 (1st Cir. 2003). However, involuntary dismissal for such a failure is discretionary, not automatic. *Quiñones v. Pérez,* 268 F. Supp. 3d 318, 321 (D.P.R. 2017). Since defendants' grounds for dismissal are meritorious, involuntary dismissal is not warranted. The motions to deem the motions to dismiss unopposed, **ECF Nos. 15** and **17,** are **NOTED** and we turn to discuss the motions to dismiss.

### C. MCS' motion to dismiss (ECF No. 16)

Plaintiffs claim that MCS breached its contractual and fiduciary duty when it denied coverage to Karelis. In its motion to dismiss, MCS argues that the complaint against it should be dismissed because plaintiffs fail to state a plausible claim under ERISA. **ECF No. 14.**

The only factual allegations in the complaint regarding MCS are that: MCS is a corporate entity doing business in Puerto Rico as medical insurance provider (**ECF No.** 1-1 ¶2 at 1); "[a]s part of [Pep Boys'] contractual agreements and offers, [Suárez] assumed coverage of a family health plan with MCS" (*Id.* ¶3 at 1); MCS and Pep Boys blocked Suarez's coverage "with the

knowledge that his youngest daughter had to undergo emergency surgery for cancer" (*Id.*); and "[w]hen processing the reinstatement of health coverage for Carlos M. Suárez's family group, MCS Insurance company denied coverage to Karelis Suárez Colón, intentionally because it was aware of the urgency of the operation and its cost."(*Id.* at ¶15 at 3).

Even drawing all inferences in plaintiffs' favor, the complaint lacks sufficient information to plausibly allege an ERISA claim against MCS. There is no allegation in the complaint that plaintiffs and MCS had a contractual relationship. Suárez' contractual relationship was with Pep Boys, his employer. Thus, there is no basis for the breach of contract claim against MCS. There is no factual allegation either to support a cognizable ERISA claim for breach of fiduciary duty against MCS.

ERISA reserves fiduciary liability for "named fiduciaries," defined as those individuals listed as fiduciaries in the plan documents or those who are otherwise identified as fiduciaries pursuant to a plan-specified procedure. 29 U.S.C. § 1102(a)(2); *Beddall v. State St. Bank & Tr. Co.*, 137 F.3d 12, 18 (1st Cir. 1998). The statute also provides that

> a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A). "The key daeterminant of whether a person qualifies as a functional fiduciary is whether that person exercises discretionary authority in respect to, or meaningful

control over, an ERISA plan, its administration, or its assets (such as by rendering investment advice)." *Beddall,* 137 F.3d at 18.

"The proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan." *Terry v. Bayer Corp.,* 145 F.3d 28, 36 (1st Cir. 1998), citing *Garren v. John Hancock Mut. Life Ins. Co.,* 114 F.3d 186, 187 (11th Cir. 1997); *Cintrón-Serrano v. Bristol-Myers Squibb P.R., Inc.*, 497 F. Supp. 2d 272, 276 (D.P.R. 2007) ("In the First Circuit, the proper party defendant in an action concerning ERISA benefits is the party that controls the administration of the plan."). There is no allegation in the complaint to suggest that MCS controls the administration of the plan or that MCS made the determination to cancel coverage. To the contrary, plaintiffs contend that Pep Boys justified the cancellation based on Suárez' "absence from work." ECF No. 1-1 ¶ 9 at 2. Therefore, the Court finds that plaintiffs have not plausibly plead an ERISA claim against MCS. MCS' motion to dismiss is accordingly **GRANTED.**

**D. Pep Boys' Motion to Dismiss (ECF No. 16)**

Pep Boys seeks dismissal of the complaint because for any ERISA claim the complaint fails to address whether prior to filing suit plaintiffs failed to exhaust administrative remedies under the plan. **ECF No. 16.** "In order to bring suit under a benefits plan subject to ERISA, a beneficiary must exhaust the plan's administrative remedies." *Fortier v. Hartford Life & Accident Ins. Co.,* 916 F.3d 74, 81(1st Cir. 2019)); *Tetreault v. Reliance Standard Life Ins. Co.,* 769 F.3d 49, 51-52 (1st Cir. 2014); *Madera v. Marsh USA, Inc.*, 426 F.3d 56, 61 (1st Cir. 2005)*; Terry* v. *Bayer Corp.*, 145

F.3d 28, 40 (1st Cir. 1998). *See Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 105 (2013) (noting that "courts of appeals have uniformly required that participants exhaust internal review before bringing a claim [under ERISA] for judicial review"). The only exception to the exhaustion requirement for plan-based claims is where the complaint alleges that resort to administrative remedies would be futile, or the remedy inadequate. *Drinkwater v. Metropolitan Life ins. Co.*, 846 F. 2d 821, 826 (1st Cir. 1988). However, "[a] blanket assertion, unsupported by any facts, is insufficient to call this exception into play.") *Id*.

> Plaintiffs allege that:
>
> In the midst of the situation [the cancellation of the insurance policy] and crisis of the pandemic, it was difficult for [plaintiffs] to obtain a response from Plaintiff Carlos M. Suárez's employer. Mrs. Matute, in charge of human resources at Pep Boys, justified the cancellation based on the absence from work.
>
> Plaintiff Carlos Suárez made various efforts to get the insurance company, his employer and their representatives to reinstate the insurance. However, his insistent and desperate efforts were unsuccessful.

**ECF No. 1-1** ¶ 9 at 2.

Plaintiffs do not describe what they did to try to "obtain a response" form Pep Boys, nor the nature of Suárez' "various efforts" to get the coverage reinstated. Even if drawing all inferences in plaintiffs' favor, the above statements in the complaint do not amount to an allegation of exhaustion of the administrative remedies nor to a claim that seeking administrative remedies would be futile. Therefore, plaintiffs' claim is non-cognizable and Pep Boys motion to dismiss is **GRANTED.**

## IV. Conclusion

In accordance with the reasons stated above, the Court **GRANTS** MCS' and Pep Boys' motions to dismiss. **ECF Nos. 14** and **16**. The complaint is **DISMISSED WITHOUT PREJUDICE.** The Clerk of Court shall enter judgment accordingly.

**SO ORDERED.**

At San Juan, Puerto Rico, on this 10th day of August, 2022.

                                                  **S/AIDA M. DELGADO-COLÓN**
                                                      **United States District Judge**